```
              UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```



```
MIKE HARRIS,                  }
                              }
        Plaintiff,            }
                              }
v.                            }       CV 02-AR-2484-S
                              }
                              }
LEADERSHIP DEVELOPMENT, INC., }
d/b/a JOHN MOSER & ASSOCIATES,}
        Defendants.           }
```

### MEMORANDUM OPINION

Before the court are a motion to dismiss filed on November 4, 2002, and an amended motion to dismiss or in the alternative for summary judgment filed on November 13, 2002, by defendant, Leadership Development, Inc., d/b/a John Moser & Associates ("Moser"). Plaintiff, Mike Harris ("Harris"), invokes Title VII and claims that Moser terminated his employment in retaliation for his daughter's EEOC complaint for gender discrimination and constructive discharge. The action was commenced on October 9, 2002. If the parties have held their Rule 26(f) meeting, the file does not contain the required report.

### Pertinent Facts

Harris began his employment with Moser around December 12, 2000. Harris' daughter, Holly E. Harris ("Holly"), began working for Moser on February 10, 2001. Holly resigned on May 7, 2001, allegedly because she had been subjected to a hostile work

1



environment on account of her gender. Holly filed a charge with the EEOC making the claim of sex discrimination, and saying that she was constructively discharged on August 10, 2001. Harris contends that when Moser received notice of Holly's EEOC charge, the company's owner, John Moser, called Harris and accused him of giving his daughter legal advice. Moser allegedly told Harris that Holly's EEOC charge changed the nature of their employment relationship, and Moser was not sure that their employment relationship could go forward. The EEOC issued Holly a right-to-sue in December, 2001. On January 4, 2002, Harris contends that Moser thereupon forced him to execute a document stating that he was an independent contractor and not an employee. Harris contends that nothing had changed in regards to his employment relationship with Moser. Harris' relationship with Moser was, in fact, one of employer/employee, both before and after the execution of the document. After the 90 day window for Holly to file suit had passed on March 10, 2002, Moser on April 10, 2002 fired Harris. Harris filed a charge of retaliation with the EEOC against Moser on July 12, 2002, some 93 days after his termination and 189 days after he was allegedly forced to ostensibly but falsely change his status to independent contractor.

    Moser's first motion to dismiss is based entirely on Harris' untimely filing of his EEOC charge. Moser asserts that the

action must be dismissed because the last act of discrimination that Harris complains of occurred on January 4, 2002, when his work status was changed to that of an independent contractor. Moser contends that Harris' charge of retaliation was untimely because it was filed on July 12, 2002, 189 days after he became an independent contractor. See *Appel v. Refer's Fine Foods, Inc.*, 939 F. Supp. 789 (D. Or. 1996)(charge of discrimination was untimely because former employee did not file within the allotted time frame after she voluntarily converted to independent contractor status). Harris contends that the critical date in the instant action is the date Moser actually terminated him, not the date that his status changed. Harris contends that his relationship with Moser and the terms and conditions of his employment remained the same throughout his employment, and nothing was changed by the execution of the paperwork purportedly changing his status to that of an independent contractor. Harris points out that even if *Appel* were binding precedent, the case is distinguishable on its facts. In *Appel* the employee voluntarily changed the relationship with her former employer in order to obtain a higher wage rate, from $12.50 to $20.00 an hour. In the instant action, Harris contends that the change in status was not voluntary, was without consideration, and that Moser was motivated to change his status so that Harris could be terminated with impunity in retaliation for his daughter's EEOC charge.

3

Moser's second motion to dismiss or in the alternative for summary judgment is based on a claim that the court lack's subject matter jurisdiction. Moser bases this contention on the alleged fact that it did not employ the requisite 15 or more employees during the 20 weeks immediately preceding April 10, 2002, when Harris was terminated, and therefore that Title VII does not apply. In support of its motion, Moser submits an affidavit by John Moser attesting to the "fact" that he did not employ 15 or more employees for the 20 weeks preceding April 10, 2002. He attaches copies of his State of Alabama - Quarterly Contribution and Wage Reports for first and second quarters ending March 31, 2002, and June 30, 2002, respectively. The Quarterly Report for the quarter ending March 31, 2002, lists the number of employees as seven for the first month, six for the second, and five for the third. The report for June 30, 2002, lists five employees for all three months of that quarter.

This court issued a scheduling order directing Harris to respond to Moser's motion for summary judgment by November 29, 2002, the day after the Thanksgiving holiday. Harris responded on Monday, December 2, 2002, one day late. Along with his brief in response to Moser's motion, Harris submits copies of his and his daughter's EEOC charges and Moser's responses to those charges filed with the EEOC. Moser did not raise the jurisdictional issue with the EEOC. The EEOC received Moser's

4

response to Harris' charge on September 23, 2002, and for Holly on September 12, 2001. Additionally, Harris submits Moser's phone log showing nineteen names, addresses, and phone numbers. The individuals identified on the quick phone list are not identified as "employees" of Moser. Rather the phone list is simply a list of names, addresses, and numbers. Harris, however, attests to the alleged fact that these individuals are "employees" who are erroneously called "independent contractors." As of this juncture, this creates a jury triable issue on the jurisdictional question.

Moser filed its Reply in response to Harris' Response urging this court to dismiss the case because Harris failed to timely respond to its motion for summary judgment, and it has been prejudiced because of this failure. Furthermore, Moser urges the court to grant its motion because Harris has failed to submit admissible evidence that Moser employed the requisite number of employees during the relevant time frame. Lastly, Moser urges the court not to consider documents from Harris' and his daughter's EEOC file because counsel failed to attest to the authenticity of the documents.

## Conclusion

Harris' status is a central issue in this case. Was he an "employee" or was he an "independent contractor?" This is a disputed question of fact. Discovery should be allowed to

determine whether or not Harris' relationship with Moser changed after the execution of the paperwork, and to determine if Harris voluntarily changed his status to independent contractor, or was forced to effectuate the change.

Moser contends that it was unduly prejudiced by Harris' failure to timely respond to its motion. The court is not persuaded. Considering that the parties have not yet held their Rule 26 meeting and discovery has not commenced, summary judgment is not appropriate. Because the jurisdictional issue is bound up with the factual issue of whether Harris, and possibly others, are independent contractors, summary judgment is not proper at such an early stage of the case. Orders denying defendants motions will be separately entered. The court will expect a Rule 26 report promptly.

DONE this __16th__ day of December, 2002.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE