FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 FEB -7 PM 3: 17

U.S. DISTRICT COURT
N.D. OF ALABAMA

MIKE HARRIS,                    }
                                }
        Plaintiff,               }
                                }
v.                              }   CV 02-AR-2484-S
                                }
LEADERSHIP DEVELOPMENT, INC.,   }
d/b/a JOHN MOSER &              }
ASSOCIATES,                     }
                                }
        Defendant.              }

ENTERED

FEB 0 7 2003

**MEMORANDUM OPINION**

    Before the court are two motions filed by plaintiff, Mike Harris ("Harris"). The first is a motion for attorney's fees and costs. The second is a motion to strike and for sanctions under Rule 11. Harris seeks an award of costs in the amount of $150.00 representing the filing fee, and $7,725.00 in attorney's fees based on $300.00 per lawyer-hour for twenty five and three fourths hours.

    Defendant, Leadership Development, Inc., d/b/a John Moser & Associates ("Leadership"), served a Rule 68 offer of judgment upon Harris for one dollar ($1.00). The offer made no mention of attorney's fees. It did not communicate any intent whatsoever to preclude a subsequent award of a reasonable attorney's fee. Harris accepted the offer. The court thereupon entered judgment in favor of Harris, and against Leadership, in the sum of one dollar ($1.00), taxing costs to defendant. Harris then filed his

1

25

present motion for costs and attorney's fees. The $150.00 filing fee is not a subject of dispute. It is clearly part of the court costs that are routinely taxed to defendant and need not be discussed. After removing Harris' motion from the regular motion docket of January 10, 2003, the court issued a scheduling order requiring Leadership to respond in writing if it desired to do so. Leadership responded with a brief, whereupon Harris excitedly reacted with his motion to strike and for sanctions under Rule 11.

In its response, Leadership tells this court to deny plaintiff's motion on the ground that under the circumstances he is not a "prevailing party" under 42 U.S.C. § 2000e-5(k). Leadership cites numerous cases for the proposition that a court has discretion to award or not award attorney's fees and should refuse when a plaintiff's success at trial is purely technical or *de minimis*. See *Farrar v. Hobby*, 506 U.S. 103, 113 S. Ct. 566 (1992)(court found that the "technical nature of nominal damages award does not affect "prevailing party" inquiry, [but] it does bear on the propriety of fees awarded under § 1988"[1]); see also *Canup v. Chipman-Union, Inc.*, 123 F.3d 1440, 1442-44 (11th Cir. 1997)(court affirmed district court's decision to award no attorney's fees in case involving civil rights plaintiff that

---

[1] Congress intended fee shifting statute under 42 U.S.C. § 1988 and under 42 U.S.C. § 2000e-5(k) to be treated the same.

2

prevailed at trial, but was not entitled to damages as a matter of law); *Romberg v. Nichols*, 48 F.3d 453, 455(9th Cir. 1994)(court affirmed district court's decision to not award attorney's fees in light of Supreme Court's decision in *Farrar* where civil rights plaintiffs were awarded only $1.00 each in their civil rights case, finding that although plaintiffs "prevailed" they did not "succeed," and that it was proper for district court to consider extent of plaintiff's recovery in fixing reasonable fee award), and; *Walker v. Anderson Elec. Connectors*, 944 F.2d 841 (11th Cir. 1991)(court affirmed this court's decision to not award attorney's fees under Title VII in action where jury made a finding of sexual harassment, but found no mandate for award of nominal damages).

    This court respectfully disagrees with Leadership. All of its cited cases are distinguishable on their facts. In each case the propriety of attorney's fees was based *on a jury's finding* of failure or success on the merits, not on an offer of judgment. In the present action, as a matter of trial strategy Leadership made an offer of judgment, ostensibly to avoid a trial on the merits as well as to create a counter-fee shifting possibility. Leadership could have and did structure its offer in language of its choosing. Harris accepted the offer precisely in the terms of the offer. There has been no finding by a jury or a court on the merits of the controversy. Under Title VII, Harris is the

3

"prevailing party" because he secured a direct benefit, albeit small. Under 42 U.S.C. § 2000e-5(k) attorney's fees are virtually automatic to a prevailing plaintiff in a Title VII case.

Leadership says that it did not intend to offer to pay Harris or his counsel anything in addition to one dollar ($1.00). It is ironic that Leadership's attempt to shift the litigation expenses to Harris results in exposing Leadership to Harris's litigation expenses, but irony cannot always be avoided.

Leadership contends, alternatively, that there was no "meeting of the minds," and thus no agreement. Leadership suggests that by claiming a fee Harris has, in effect, withdrawn his acceptance of the Rule 68 offer, so that the judgment should be vacated and the case reopened for a trial on the merits. In support of its "meeting of the minds" argument Leadership cites cases outlining the principle of contract law that anything less than an unconditional acceptance of an offer is of no legal effect as an acceptance, but rather operates as a rejection and a counter-offer. *Southern Bell Tel. & Tel. Co. v. John Hancock Mut. Life Ins. Co.*, 759 F. Supp. 1065, 1071 (N.D. Ga. 1982); *Florida Towing Corp. v. Oliver J. Olson & Co.*, 426 F.2d 376, 378 (5th Cir. 197); *see also Johnson v. University Col. of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1209 (11th Cir. 1983)("Under elementary principles of contract law, an offeree cannot accept a

different offer from that made by the offeror. There must be a meeting of the minds."). These cases are not on point. The court respectfully disagrees with Leadership that Harris in any way conditioned his acceptance. The court has read and re-read Leadership's offer. Leadership may not have fully comprehended what it was offering, but this court understands it, and apparently Harris equally grasped its meaning. The offer says: "The Defendant, Leadership Development, Inc., d/b/a John Moser & Associates, offers to allow judgment to be taken against it by the plaintiff, Mike Harris, for the sum of $1.00." This language, chosen by Leadership, in no way addresses the issue of attorney's fees. Leadership willingly made an offer, and Harris accepted it without condition.

Leadership is charged with knowing the law, and the law routinely provides for reasonable attorney's fees to be taxed against the non-prevailing party in Title VII cases.

The court finds that $300 dollars per lawyer-hour for Harris's lawyer is too high. Accordingly, the rate will be adjusted to $200.00 per hour, and judgment will be entered accordingly.

DONE this 7th day of February, 2003.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE